UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD MOOSDORF,

        Plaintiff,                  Case No. 05-73033

vs.                                    HONORABLE PATRICK J. DUGGAN
                                    HONORABLE STEVEN D. PEPE

B. KROT, et al.

        Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL (Dkt. # 6) AND PROTECTIVE ORDER

Plaintiff's motion to compel discovery (Dkt. #6) was referred to the undersigned pursuant to 28 U.S.C. 636 (B)(1)(A) for a hearing and determination.

The parties submitted briefs, Plaintiff submitted a Statement of Resolved and Unresolved Issues and the parties participated in a telephonic hearing on October 11, 2005.

For reasons stated on the record, IT IS ORDERED as follows:

**I. DOCUMENTS TO BE PRODUCED**

Defendants shall, on or before November 2, 2005, produce the following documents:

<u>Defendant City of Dearborn Heights' Police Department Policies and Procedures</u>

1. Any and all documents in their possession falling withing the scope of Plaintiff's Request To Produce No. 5, as such relate to the Defendant City of Dearborn Heights' police department policies and/or procedures regarding (a) accepting and processing citizen complaints, (b) the use of

1

force during arrest, and (c) seizure.

### Complaints Regarding Defendant Officers

2. Any citizen complaints regarding the defendant officers involving use of force, method of seizure or allegation of overreaction - whether these complaints are contained in the officer's personnel files or in another location.

3. Any complaints, reprimands, "write-ups," etc., regarding the defendant officers' truthfulness and/or credibility (including those dealing with theft or dishonesty)- whether these complaints or contained in the officer's personnel files or in another location.

### Internal Investigation Records

4. To the extent an internal investigation was completed into the incident in question, all non-privileged documents pertaining to such investigation are discoverable. Defendants shall produce all such documents which contain statements of fact, identification of potential witnesses and/or materials that may lead to the discovery of the identification of witnesses. Defendants may redact from these documents any evaluations, proposals or recommendations contained therein as privileged. If Defendants withhold documents pertaining to the investigation and/or redact portions of produced documents on the basis of privilege, they will create a privilege log, as described below, so that Plaintiff may have an opportunity to present an argument for its production or an *in camera* review if necessary.

**II.    PROTECTIVE ORDER**

Documents pertaining to the Defendant City of Dearborn Heights' police department policies regarding use of force and/or seizure, the internal investigation regarding the incident in question and complaints against the defendant officers produced pursuant to paragraphs 1-4 above shall be

used solely in regard to this litigation. No disclosure of the subject matter of the documents shall be made to the to the parties, attorneys and expert witnesses involved herein without their signing an acknowledgment that they have received and will abide by the protective order and submit to this court's jurisdiction for enforcement thereof.

The original and all copies of such documents not otherwise made part of the this court's "public record," shall be returned to defense counsel at the end of this case.

### III.   PRIVILEGE LOG

For each document withheld, the privilege log should identify:

   i.   The author(s) and all recipients, along with their capacities/roles/positions.
   ii.  The nature of the privileged asserted.
   iii. The subject matter, date produced, length and type of the document.
   iv.  The purpose of the document.
   v.   Why the document is immune from discovery and is believed to be privileged.

These categories, especially the last, must be sufficiently detailed to allow the court to determine whether the discovery opponent has discharged its burden of establishing the privilege. There also must be enough detail to allow opposing counsel to intelligently argue that the privilege does not exist. While all this detail may be burdensome, it will provide a more accurate evaluation of a discovery opponent's claims and will take into account that there are no presumptions operating in the discovery opponent's favor.

The following examples (which are non-exhaustive) are insufficient to establish privilege: "letter re claim;" "analysis of claim;" "report in anticipation of litigation."

S○ ORDERED.

Dated: October 11, 2005                      s/Steven D. Pepe
Ann Arbor, Michigan                     United States Magistrate Judge

Certificate of Service

I hereby certify that copies of this Order were served upon the attorneys of record by electronic means or U. S. Mail on October 12, 2005.

                                       s/William J. Barkholz
                                       Courtroom Deputy Clerk